UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WADE BROWNE, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-2469-G |
| NATIONAL ASSOCIATION OF | ) | |
| SECURITIES DEALERS, INC., | ) | **ECF** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the defendant National Association of Securities Dealers, Inc. ("NASD") to dismiss the complaint against it; (2) the motion of the plaintiffs James Wade Browne ("Browne") and Kevin Calandro ("Calandro") requesting that the court impose sanctions against NASD, its Department of Enforcement ("DOE"), and NASD's attorneys; and (3) the motion of NASD to strike the plaintiffs' motion for sanctions. For the reasons stated below, the plaintiffs' motion is denied, NASD's motion to strike is denied as moot, and NASD's motion to dismiss is granted.

# I.  BACKGROUND

On April 25, 2005, NASD filed a complaint against the plaintiffs Browne and

Calandro arising from sales of stock of e2 Communications, Inc. ("e2").  Brief in

Support of Motion to Dismiss of National Association of Securities Dealers, Inc.

("NASD Brief") at 6 (citing Plaintiffs' Verified First Amended Petition and Request

for Disclosure ("Original Petition") ¶ 13).  The DOE alleged that -- without receiving

written approval from their member firms or providing notice to these firms regarding

their participation -- Browne and Calandro sought and received finders' fees from e2

for the sale of e2 stock.  *Id*.  If true, this conduct violates NASD Conduct Rules 3040

and 2110.[1]

On December 9, 2005, Browne and Calandro this filed suit against NASD in

the 101st Judicial District Court of Dallas County.  National Association of Securities

Dealers, Inc.'s Notice of Removal ("Notice of Removal") at 1.  Claiming that NASD

is relying on an inauthentic document in its disciplinary proceeding against Browne

and Calandro, the plaintiffs sought damages and an *ex parte* temporary restraining

---

[1]      Rule 3040 states that any person associated with a member firm who
participates in a private securities transaction must, prior to participating in the
transaction, provide written notice to the member with which he is associated.  The
required notice must describe the transaction, the associated person's role, and state
whether the associated person has received or may receive selling compensation.  If
the person has received or may receive selling compensation in connection with the
private securities transaction, the member firm must respond to the notice in writing
indicating whether it approves or disapproves the proposed transaction.  Rule 2110
requires member to "observe high standards of commercial honor and just and
equitable principles of trade."  *See* NASD Brief at 6-7, n.2.

order ("TRO") to halt the disciplinary hearing.  Original Petition ¶¶ 4, 8, *attached to*

Notice of Removal at tab A.  The request for the TRO was denied by the state court.

NASD Brief at 7.  On December 16, 2005, NASD removed the case to this court,

asserting that the case fell within the court's exclusive jurisdiction by virtue of 15

U.S.C. §§ 78aa and 78y.  Docket Sheet; Notice of Removal at 2.  The plaintiffs then

filed, on December 21, 2005, a motion to remand and request for a TRO.  Docket

Sheet.

On December 28, 2005, the court heard arguments on the plaintiffs' request

for a TRO; that same day, the court entered an order denying the plaintiffs'

application for a TRO and their motion to remand.  December 28, 2005, Order.

On January 3, 2006, NASD filed the instant motion to dismiss the claims

against it.  Docket Sheet.  On February 13, 2006, the plaintiffs filed a response to

this motion, not addressing the defendant's arguments but requesting that the court

"abate any ruling on the Defendant's Motion pending the Court's determination of

the Plaintiffs [sic] Motion for Sanctions filed contemporaneously."  *Id*.; Plaintiffs'

Response to Motion to Dismiss ¶ 4.  The following day, the plaintiffs filed their

motion for sanctions against NASD, the DOE, and their attorneys,Terri Reicher, John

Guild, and Thomas McGraw ("McGraw").  Docket Sheet; Motion for Sanctions.

NASD responded on March 6, 2006, with both a responsive brief and a motion to

strike the plaintiffs' motion for sanctions.  Docket Sheet; Defendant's Motion to

Strike and Alternative Response to Plaintiffs' Motion for Sanctions, and Request for

Attorneys' Fees ("NASD Response").

## II.   ANALYSIS

### A.   Plaintiffs' Motion for Sanctions

As an initial matter, the court will address whether the defendant should be

sanctioned, as argued in the plaintiffs' motion.   Browne and Calandro contend that

several statements made by NASD's counsel at the December 28 TRO hearing were

deliberately misleading and "constitute[d] a fraud on this Court."   Motion for

Sanctions at 8.   NASD vigorously denies these claims and in response has filed a

motion to strike the plaintiffs' motion for sanctions.   *See generally* NASD Response.

Federal Rule of Civil Procedure 11 provides in relevant part:

> **(b)  Representations to Court.**  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> > **(1)**  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > **(2)**  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

- 4 -

**(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

\* \* \*

**(c) Sanctions**.  If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

**(1)  How Initiated.**

**(A)  By Motion.**  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

\* \* \*

FED R. CIV. P. 11(b)-(c)(1)(A).

In this case, the plaintiffs did not properly follow the procedures set forth in Rule 11(c)(1)(A). The certificate of service attached to the motion indicates that the motion was not served upon the defendant until the motion itself was filed with the court on February 14, 2006.[2] Thus, the plaintiffs did not wait the required 21 days after serving the motion to allow NASD to withdraw or correct the alleged misrepresentations before filing the motion with the court. Although one of the plaintiffs' attorneys, Christopher Bebel ("Bebel"), telephoned Thomas C. McGraw, counsel for NASD, on January 30, 2006, and informed McGraw of his intention to file a motion for sanctions for allegedly false statements, Bebel did not specifically identify the misleading statements. Declaration of Thomas C. McGraw ("McGraw Declaration") ¶ 4, *attached to* Appendix to NASD Response *at* 6. In a subsequent phone call between McGraw and Mark Alexander ("Alexander"), counsel for the plaintiffs, a motion for sanctions was again discussed, but specific statements were not identified. McGraw Declaration ¶ 6. Such phone calls or exchanges of letters are informal notices suggested by the Advisory Committee's notes,[3] but are insufficient to

---

[2]     The certificate of conference states: "On February [sic], 2006, Defense counsel phoned Plaintiffs' counsel office, and faxed Plaintiffs' counsel a letter regarding this Motion. As of this writing Defense counsel has not received any response from Plaintiff's [sic] counsel, in which event this motion will be presume [sic] to be opposed." Motion for Sanctions at 16. The court assumes the plaintiffs' counsel mistakenly transposed the parties when writing this certificate.

[3]     "[The 1993] revision provides that the 'safe harbor' period begins to run only upon service of the motion. In most cases, however, counsel should be expected
(continued...)

comply with the procedural requirements of Rule 11.  See *Weeks Stevedoring Company, Inc. v. Raymond International Builders, Inc.*, 174 F.R.D. 301, 303, 305 (S.D.N.Y. 1997) (finding that letter from movant stating that defendants "would move for sanctions if Plaintiff failed to withdraw the motion" did not meet "the strict procedural requirements of Rule 11"); *Creek Ventures, LLC v. World Parts,* LLC, No. 01-CV-89C, 2004 WL 1166642, at *3 (W.D.N.Y. April 14, 2004) ("[Rule 11] requires service of the motion according to Rule 5, not merely notice of a party's intentions.").  The plaintiffs have not complied with Rule 11(c)(1)(A) with respect to service on the nonmovant of their Rule 11 motion prior to filing the motion in court.  Therefore, the court finds that the plaintiffs' request for the imposition of sanctions should be denied.  See *Regal Row Fina, Inc. v. Washington Mutual Bank, FA*, No. 3:04-CV-1033-G, 2004 WL 2826817, at *11-12 (N.D. Tex. Dec. 9, 2004) (Fish, C.J.) (denying motion for sanctions for failure to comply with procedural requirements); *Owens v. Excel Management Service, Inc.*, No. 3:02-CV-0835-L, 2004 WL 576091, at *1 (N.D. Tex. Mar. 16, 2004) (same).  Accordingly, the defendant's motion to strike the plaintiffs' motion for sanctions is denied as moot.

Also contained within its response, NASD requests that this court award it attorneys fees for successfully defending itself against the plaintiffs' motion for

---

[3](...continued)
to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion."  FED. R. CIV. P. 11, 1993 advisory committee's note.

sanctions.  NASD Response at 10.  Rule 11 authorizes a court to award "to the party

prevailing on the motion the reasonable expenses and attorney's fees incurred in

presenting *or opposing* the motion."  FED. R. CIV. P. 11(c)(1)(A) (emphasis added).

Here, NASD has incurred over $24,000 in attorney's fees defending against the

plaintiffs' motion for sanctions.  *See* Defendant's Surreply to Plaintiffs' Motion for

Sanctions ("Surreply") at 6 (citing Supplemental Declaration of Thomas C. McGraw

¶ 3, *attached to* Surreply *as* Attachment 1).  As described above, the plaintiffs did not

comply with Rule 11 procedures, causing the defendant to expend time, money, and

effort in defending a motion that was ultimately denied.  Accordingly, the defendant's

request for attorney's fees is granted.[4]  See *Connecticut General Life Insurance Company*

---

[4]        Other factors support an award of attorney's fees to NASD.  Although
not required to do so, the court analyzed the motion for sanctions on its merits.
Rather than finding the defendant's conduct misleading and fraudulent, the court
finds that the plaintiffs' allegations consist of parsing the defendant's language for the
purpose of delaying a ruling on NASD's motion to dismiss and perhaps even
intimidating NASD to prevent use of Exhibit A in the disciplinary hearing.  *See*
Surreply at 4 (describing the plaintiffs' "threat of seeking sanctions against
Defendants' attorneys if Defendant did not withdraw 'Exhibit A' from consideration
in the disciplinary proceeding" rather than requesting that the allegedly offending
statements be withdrawn from the record in this case -- the usual corrective action
under Rule 11).  The court remembers the TRO hearing, and upon rereading the
proffered excerpts from the transcript, determines that it was not misled by the
statements of NASD's counsel -- in fact, the use (or exclusion) of Exhibit A in the
disciplinary proceeding had little bearing on the court's ruling on the TRO when its
jurisdiction over the matter was in serious question.  *See* part II.B.2., *infra*.  The fact
that the plaintiffs filed this motion for sanctions on the day a response to the
defendant's motion to dismiss was due -- with a request that the court delay ruling on
the motion to dismiss until after ruling on the plaintiffs' motion for sanctions --
further buttresses the court's conclusion that the plaintiffs' motive was a delay -- or
(continued...)

*v. Thomas*, 910 F. Supp. 297, 304-05 (S.D. Tex. 1995) (awarding attorney's fees to

nonmovant because motion did not comply with the 21 day notice period and was

"baseless and unjustified").  The plaintiffs shall pay to the defendant the sum of

$24,495.00 in reasonable attorney's fees.

## B.  Defendant's Motion to Dismiss

NASD also filed a motion to dismiss this case pursuant to Rules 12(b)(6),

(b)(1), and (h)(3).  *See generally* National Association of Securities Dealers, Inc.'s

Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), 12(b)(1) and 12(h)(3)

("NASD Motion"); NASD Brief.  NASD contends that (1) NASD is entitled to

absolute immunity, (2) the plaintiffs have no private right of action against NASD,

and (3) the plaintiffs have failed to exhaust their administrative remedies.  NASD

Motion at 1-2.  As mentioned above, the plaintiffs have not filed a substantive

response regarding the merits of this motion.

### 1.  *NASD's Absolute Immunity*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint

for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P.

12(b)(6).  There are two primary principles that guide the court's determination of

whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule

12(b)(6) should be granted only if it appears beyond doubt that the nonmovants

---

[4](...continued)
worse, intimidation.

could prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).  Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovants.  *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss.  *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimants an opportunity to amend their claim rather than dismiss it.  *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F. Supp. 437, 438 (N.D. Tex. 1996).  Furthermore, leave to amend a pleading should be freely given

and should be granted unless there is some justification for refusal. *Willard*, 336 F.3d at 386.

The Fifth Circuit has explicitly held that NASD "and its disciplinary officers have absolute immunity from further prosecution for personal liability on claims arising within the scope of their official duties." *Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc.*, 757 F.2d 676, 679 (5th Cir. 1985). Even if it is assumed that all of the allegations in the plaintiffs' complaint are true, there is no reason to hold otherwise in the instant case; NASD was acting completely within the scope of its disciplinary power. NASD's motion to dismiss should be granted on this ground.[5]

### 2. *Plaintiffs' Failure to Exhaust Administrative Remedies*

Although unnecessary given the court's ruling on NASD's first ground for dismissal, the court will address the argument that it lacks subject matter jurisdiction over this case.

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978). A federal court may exercise

---

[5] NASD also contends that this case should be dismissed because Congress has not provided an explicit private right of action under the Exchange Act, nor has any court held that an implied right of action to sue NASD under the Exchange Act exists. NASD Brief at 2; *see also* 15 U.S.C. § 78o-3. Because the court concludes that NASD is absolutely immune from suit, it will not address this second ground for dismissal.

jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court. *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudia Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgras AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).

On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

The court's lack of subject matter jurisdiction may be asserted at any time, either in the answer, or in the form of a suggestion to the court prior to final judgment.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d. ed. 2004).  Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

NASD argues that the court has no subject matter jurisdiction over this case because the plaintiffs have failed to exhaust their administrative remedies before seeking the intervention of this court.  NASD Brief at 14-18.  The court agrees.  Fifth Circuit case law on this issue is instructive.  In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Association of Securities Dealers*, 616 F.2d 1363 (5th Cir. 1980), the

Fifth Circuit confronted circumstances similar to those presented here.  There, the plaintiff's customer brought to the attention of NASD alleged violations of the securities laws and NASD rules by the plaintiff's employees.  *Id*. at 1365.  NASD subsequently brought a disciplinary action against the plaintiff and its employees.  *Id*. The customer planned to initiate a civil action against the plaintiff and would also be a complaining witness for NASD in the disciplinary proceeding, so the plaintiff wished to exclude the customer and her attorney from the proceeding on the basis that the hearing would be a "dress rehearsal" for her civil suit.  *Id*. at 1365-66. Although the chairman of the deciding committee granted the request in part, the plaintiff was dissatisfied with this result and filed suit in federal district court to obtain a TRO halting the disciplinary proceeding conducted by NASD.  *Id*.

Although the TRO was granted by the district court, the Fifth Circuit promptly reversed on the grounds that the district court lacked subject matter jurisdiction over the dispute since the plaintiff failed to exhaust its administrative remedies before seeking judicial intervention.  *Merrill Lynch*, 616 F.2d at 1370.  Specifically, "the district court's grant of a preliminary injunction constitutes an unwarranted intrusion upon a complex, congressionally mandated scheme of self-regulation."[6]  *Id*. at 1366.

---

[6]      For a thorough discussion of the self-regulation of NASD, please see the discussion in part II of *Merrill Lynch*, 616 F.2d at 1366-1368 (noting that NASD has been "delegated governmental power" to enforce compliance by its members; NASD's power "is subject to substantial oversight" by the Securities Exchange Commission ("SEC"); "the procedure of NASD disciplinary hearings is subject to close scrutiny by

(continued...)

Rather than seeking intervention from a district court, the plaintiff was required to take advantage of the thorough review process of NASD, the SEC, and appellate court. *Id*. at 1369 ("[A] broad range of administrative remedies was open to [the plaintiff] which would have avoided any possible injury to its interests, let alone 'irreparable injury.' [The plaintiff] had numerous levels of administrative review open to it, culminating in review by the court of appeals. There was ample opportunity to correct any error in the disciplinary hearing.").

This case invites a conclusion identical to that reached in *Merrill Lynch*. As of the date of the briefings, NASD has yet to rule on whether the document in dispute will in fact be admitted in the disciplinary proceeding. Even if it is assumed that the plaintiffs' allegations regarding the falsity of Exhibit A are true, an erroneous admission of this document should be corrected in the disciplinary proceeding itself or through the multiple levels of available administrative review, *not* in federal district court. Such intervention would intrude upon a complex system of self-regulation -- something the court will not do absent extraordinary circumstances. *Merrill Lynch*, 616 F.2d at 1370.

Although the plaintiffs have failed to exhaust their administrative remedies, the analysis does not end there. There are two principal exceptions to the exhaustion

---

[6](...continued)
the SEC"; and the party subject to disciplinary proceedings can appeal first to the NASD Board of Governors, then the SEC, and finally to the United States courts of appeal). See also *Austin Municipal Securities*, 757 F.2d at 679-681 (same).

requirement:  (1) when the administrative procedure is clearly shown to be
inadequate to prevent irreparable injury; or (2) when there is a clear and
unambiguous statutory or constitutional violation.  *Merrill Lynch*, 616 F.2d at 1370-
71 (citing *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690, 696 (3d. Cir. 1979), *cert.
denied*, 444 U.S. 1074 (1980)).  Here, the plaintiffs meet neither exception.  They
have not pled either a statutory or constitutional violation, and any injury alleged is
not sufficient to qualify as irreparable.  See *First Jersey*, 605 F.2d at 696-97 (finding
that possible consumer panic following an adverse ruling in a disciplinary proceeding
was insufficient to qualify as irreparable injury partly because "if this exception were
to be applied in this case, it would likewise apply in every case where the NASD has
contemplated disciplinary proceedings"); *Alton v. National Association of Securities
Dealers, Inc.*, No. C-94-0618, 1994 WL 443460, at *3 (N.D. Cal. July 26, 1994)
("Almost any individual who is subject to a NASD hearing could then claim that any
adverse findings constitutes irreparable harm.  Such an undifferentiated injury is not
the type of irreparable harm contemplated as an exception to the doctrine of
exhaustion of remedies.").  Accordingly, the defendant's motion to dismiss is granted
on this ground as well.[7]

_____

[7]        The court notes that it denied the plaintiffs' motion to remand in the
same order in which it denied the plaintiffs' request for a TRO.  *See* December 28,
2005, Order.  There is no inconsistency in denying a motion to remand when the
court would have exclusive jurisdiction over the case, then dismissing it because the
plaintiff neglected to exhaust his administrative remedies.  *See* 15 U.S.C. § 78aa
                                                                            (continued...)

III.  CONCLUSION

For the reasons stated above, the plaintiffs' motion for sanctions is **DENIED**,

NASD's motion to strike is **DENIED** as moot, and NASD's motion to dismiss is

**GRANTED**.

**SO ORDERED**.

May 31, 2006.

_____
A. JOE FISH
CHIEF JUDGE

---

[7](...continued)
(giving federal courts exclusive jurisdiction suits arising from violations of the
Exchange Act); *McLaurin v. United States*, 392 F.3d 774, 775-76 (5th Cir. 2004)
(affirming lower court's denial of remand and subsequent dismissal for failure to
exhaust administrative remedies under Federal Tort Claims Act), *cert. denied*, __ U.S.
__, 125 S. Ct. 2549 (2005).  Also, the court denied the motion to remand based on
the assertion by the plaintiffs' counsel that this court had jurisdiction over the case
pursuant to the Exchange Act -- the court interpreted this statement as the plaintiffs'
desire to withdraw the motion.  NASD Brief at 7.